No. 50. Kiles et al. v. Watkins. This was an action brought by appellants against appellee Wm. Watkins and his son, Elijah, on a promissory note for $1,000, executed by them to appellants. The defense of appellee was, that he signed the note as surety for his son with an express understanding between himself and appellants, that the loan to his son was to be only temporary, and that so soon as the money could be borrowed from other parties by his son, the note should be canceled and appellee released from liability as such surety. That his son in a short time afterward through the intervention of appellants ascertained that the money to take up the note could be obtained from one Taylor. That appellants' cashier, Oliver, informed appellee that Taylor would furnish the money, if his son would execute a mortgage on certain property and he, appellee, would sign the new note as surety, and if he would do so, the new note should be used to satisfy and discharge the note held by appellants; that with this understanding he signed the second note, instructing his son to take it to appellants' bank, and with it take up the original note. That this was not done, but the new note, instead of being applied to cancel and discharge the old note, was, without the knowledge or consent of appellee, applied by appellants upon the individual indebtedness of the son to them. These facts were denied by appellants and the testimony was conflicting, but the court is of opinion the jury were warranted, from all the evidence, in finding these issues for the appellee. During the trial it was sought to show by the evidence the fact that the son, Elijah, was insolvent, for the purpose, as claimed, of showing the interest appellee must necessarily have in the result and thereby affecting his credibility. The court refused to permit its introduction, and this is assigned for error. The holding of the court was right. To have allowed its introduction would have raised an immaterial issue. Affirmed. Opinion by CONGER, J. Judge below, LYMAN LACEY. Attorneys, for appellant, Messrs. KETCHAM & GRIDLEY; for appellee, Mr. R. W. MILLS. Opinion filed Feb. 25, 1886.